IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-mj-00453-WCM

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CHIRAG TOMAR | ) | |
| | ) | |

This matter is before the Court on the parties' Joint Motion to Enlarge Charging Period Under the Speedy Trial Act (the "Joint Motion," Doc. 11), which requests that the deadline by which a bill of indictment or information must be filed in this case be extended until the February 2024 session of the Grand Jury sitting in the Western District of North Carolina.

On December 20, 2023, a criminal complaint (Doc. 3) was filed charging Defendant with violations of 18 U.S.C. § 1349 (Wire Fraud Conspiracy) and 18 U.S.C. § 1956(h) (Money Laundering Conspiracy).

Defendant was subsequently arrested and made an initial appearance in the United States District Court for the Northern District of Georgia.

The Joint Motion was filed on January 10, 2024, along with a speedy trial and indictment waiver form. Doc. 11-1. Defendant made his initial appearance in this district the same day.

1

An information or indictment charging an individual with the commission of an offense must be filed within thirty days from the date on which the individual was arrested or served with a summons in connection with such charges. 18 U.S.C. § 3161(b). A motion seeking an extension of this deadline may be allowed where the court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A); see also United States v. Mathurin, 690 F.3d 1236, 1241–42 (11th Cir. 2012) ("It is clear Congress specifically contemplated the possibility that one or both parties, for reasons not listed in the Act, might need more than thirty days before an information or indictment could be filed. For those cases, it established a specific procedure by which a court would have to approve the delay based on on-the-record 'findings that the ends of justice served by taking such [a delay] outweigh the best interest of the public and the defendant in a speedy trial.'").

Here, the Joint Motion states that the Government "is in the process of gathering and sharing discovery with defense counsel" and that "[t]his sharing of information may be helpful in reaching a resolution in this case." Doc. 11 at ¶ 5. The Joint Motion also indicates that Defendant, who is

represented by retained counsel, and the Government "agree that the ends of justice will be served by granting the Government additional time to provide discovery and allow adequate time to review such discovery, investigate any potential defenses, and decide whether it is in [Defendant's] interests to engage in plea discussions with the United States." Doc. 11 at ¶ 6.

After consideration of the Joint Motion and a review of applicable authorities, including the factors appearing in 18 U.S.C. § 3161(h)(7), the Court finds and concludes pursuant to 18 U.S.C. § 3161(h)(7)(A) that the ends of justice served by extending the deadline for the Government to file a bill of indictment or information outweigh the best interests of the public and Defendant in a speedy trial, and that this delay should be excluded from Speedy Trial Act computations.

IT IS THEREFORE ORDERED THAT:

1. The Joint Motion to Enlarge Charging Period Under the Speedy Trial Act (Doc. 11) is **GRANTED**; and,

2. The deadline for the Government to file a bill of indictment or information in this case is **EXTENDED** to and including until February 20, 2024.

Signed: January 10, 2024

W. Carleton Metcalf
United States Magistrate Judge